UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RIGOBERTO FELIPE MONIER, | ) | CASE NO. 4:05 CV 2072 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| HARRELL WATTS, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 28, 2005, plaintiff pro se Rigoberto Felipe Monier filed this Bivens[1] action in the United States District Court for the Middle District of Pennsylvania against Bureau of Prisons National Inmate Appeal Administrator Harrell Watts, Bureau of Prisons Northeast Regional Director D. Scott Dodrill, Elkton Federal Correctional Institution ("FCI-Elkton") Warden T.R. Sniezek, former FCI-Elkton Warden Mark Bezy, FCI-Elkton Assistant Warden G.D. Robinson, FCI-Elkton Captain Odom, FCI-Elkton Lieutenant T. Montgomery, FCI-Elkton D.H.O. Officer S. Biafore, FCI-Elkton Case Manager K. King, FCI-Elkton Unit Manager Mrs. M. Burns, and FCI-Elkton Administrative Remedies Assistant Mrs. A. Fusco. On August 18, 2005, United States District Judge Richard P. Conaboy issued an order dismissing without prejudice the plaintiff's request for restoration of good time credits, and transferring the remainder of the action to the United States District Court for the Northern District of Ohio. The plaintiff claims he was denied due process at a disciplinary hearing and complains of the conditions of his confinement in the FCI-Elkton segregation unit. He seeks compensatory and punitive damages as well as expungement of his prison disciplinary record.

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

*Background*

Mr. Monier was issued a disciplinary report while confined in FCI-Elkton in 2004. Following an investigation by Lieutenant Montgomery, Mr. Monier was charged with being the author of a note threatening another inmate. He was found guilty of the charge and was sentenced to a 30 day term of disciplinary segregation, a loss of 27 days good time credit, and was recommended for disciplinary transfer.

Mr. Monier asserts he was denied due process during his disciplinary hearing. He claims a handwriting expert was not obtained to evaluate the note and further contends he was denied the ability to examine witnesses. He contends the term of his incarceration in the segregation unit was excessive and alleges his prison records were altered in retaliation for appealing his disciplinary conviction.

In addition, Mr. Monier alleges he was subjected to conditions of confinement in segregation which violated his Eighth Amendment rights. Specifically, he alleges inmates in the segregation unit are confined for 23 hours per day, and have limited access to telephones, recreation, the law library, and certain educational programs. He contends inmates are given no privacy even when using the bathroom. He alleges that the conditions are occasionally altered to enforce certain behaviors. He claims the tables were removed from certain cells "to reinforce acceptable behavior." (Compl. at 3.) Mr. Monier also claims personal hygiene items such as toilet tissue, wash basins, and tooth brushes were withheld for a three week period. Finally, he contends minorities received harsher treatment than other inmates in the segregation unit.

**Exhaustion of Administrative Remedies**

A prisoner must allege and show that he has exhausted all available administrative

remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

      Title 28 of the Code of Federal Regulations sets forth a four-step grievance procedure for administrative remedies for inmates housed in federal prisons. Under this title, an inmate initiates the grievance procedure by requesting an Informal Resolution from the prison official whose area of responsibility is most related to the grievance. 28 C.F.R. § 542.13. If the inmate is dissatisfied with the informal response, or if there has been no response to the complaint, the inmate may file a BP-9 form with the institution staff member designated to receive such requests. 28 C.F.R. § 542.14. If this second step does not provide satisfactory results, the inmate may file an appeal on a BP-10 form to the Regional Director. 28 C.F.R. § 542.15. An inmate who

is not satisfied with the Regional Director's response may submit an appeal on the appropriate BP-11 form to the General Counsel. 28 C.F.R. § 542.15. The General Counsel's written response to the inmate's appeal is the final decision on the grievance.

There is no indication Mr. Monier exhausted his administrative remedies for each claim against each defendant. He provides no copies of grievance forms and there are no allegations in the complaint suggesting he complied with the mandates of § 1997e. The inmate bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. Mr. Monier has not satisfied that burden.

### *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: November 14, 2005        s/ James S. Gwin
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.